IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL E. DANNELLY, #25954-048 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv630 |
| | | CRIMINAL ACTION NO. 4:09cr67 |
| UNITED STATES OF AMERICA | § | |

**<u>ORDER OF DISMISSAL</u>**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be dismissed without prejudice to Movant's right to file a motion for leave to file a successive § 2255 motion in the United states Court of Appeals for the Fifth Circuit. Movant filed objections.

In his objections, Movant complains that the motion for appointment of counsel that he filed in the underlying criminal case was recharacterized as a motion pursuant to 28 U.S.C. § 2255. The Fifth Circuit routinely holds, however, that such motions attempting to gain relief from a conviction are, in fact, a successive § 2255 motion. *See United States v. Ruiz*, 51 F. App'x 483(5th Cir. 2002) (a motion should be recharacterized as a § 2255 motion when it is an attempt to gain relief from conviction). The Report and Recommendation notes that the construed § 2255 motion is a successive motion, and that the Fifth Circuit would have to grant permission to file a second or successive motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). On May 31, 2018, the Fifth Circuit issued an order denying such permission. *In re: Michael Dannelly*, No. 18-40385 (5th Cir. 2018). The Fifth Circuit noted that the case Movant cited as a basis for relief, *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), does not apply to the facts of Movant's case. The Fifth Circuit

further stated that *Nelson* did not announce " a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." § 2255(h). Having failed to make the required prima facie showing, the Fifth Circuit denied Movant's motion for authorization to file a successive § 2255 motion. *In re Dannelly* at *2. The Fifth Circuit's Order has settled Movant's case.

Additionally, Movant cites to *Luis v. United States*, 136 S. Ct. 1083 (2016), asserting that since it is a recent Supreme Court case that was not in effect at the time of his first § 2255 motion, the instant case should not be considered successive. However, as in *Nelson*, the Supreme Court has not held that *Luis* is retroactively applicable on collateral review. Therefore, *Luis* does not apply, and Movant's motion is barred by the statute of limitations. 28 U.S.C. § 2255(f).

Movant also complains that he was not given a *Castro* warning. The Supreme Court of the United States has held that a district court must notify a *pro se* litigant that it intends to re-characterize a pleading as a § 2255 motion with a warning that such re-characterization means any future § 2255 motions will be subject to restrictions on "second or successive" § 2255 motions. *Castro v. United States*, 540 U.S. 375, 383 (2003). Movant filed his first § 2255 motion on February 28, 2011. *See* Civil Action No. 4:11cv97. Construing his motion for appointment of counsel as a second § 2255 motion without providing a warning does not violate *Castro* since the instant case is not Movant's first § 2255 motion. Finally, the Court notes that Movant did not ask to dismiss the instant case based on *Castro*. In conclusion, Movant's objections lack merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

It is accordingly **ORDERED** the motion to vacate, set aside, or correct sentence is **DISMISSED** without prejudice.

It is also **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 7th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE